CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 19, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY ALLEN CARTER,<br>    Plaintiff, | )<br>)   Civil Action Nos. 7:25-cv-00947<br>) |
| v. | )<br>)   By: Elizabeth K. Dillon |
| COMMONWEALTH OF VIRGINIA, *et al.*,<br>    Defendants. | )      Chief United States District Judge<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Jeffrey Allen Carter, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 2, 2-1, Am. Compl.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes Carter's complaint must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Carter alleges claims that are related to his detention at Patrick County Jail and his transfer to the Southern Virginia Mental Health Institute. (*See* Dkt. No. 2-1.) Carter names these

two entities along with the Commonwealth of Virginia and Piedmont Community Services as defendants. Carter requests compensatory and punitive damages from these entities. Carter cannot allege § 1983 claims against any of these entities.

First, Piedmont Community Services is a community service board (CSB), which is a joint partnership between local and state governments.[1] "Quasi-local" agencies such as a CSB are not considered "persons" amenable to suit under § 1983. *See Thorne v. Hale*, No. 1:08cv601 (JCC), 2009 WL 3733344, at *4 (E.D. Va. Oct. 29, 2009) (finding that the Rappahannock Area Community Services Board "is not a local government unit capable of being sued under § 1983").

Second, the Southern Virginia Mental Health Institute is a public medical facility controlled and operated by the Virginia Department of Behavioral Health and Human Services.[2] A state-owned hospital is "an arm of the state entitled to Eleventh Amendment immunity." *Dowell v. W. Va. Reg'l Jail*, Civil Action No. 7:20CV00055, 2021 WL 744759, at *4 (W.D. Va. Feb. 25, 2021). The Commonwealth of Virginia is also immune under the Eleventh Amendment. *See Napier v. Ohai*, Case No. 7:23-cv-00098, 2025 WL 2779900, at *3 (W.D. Va. Sept. 26, 2025) (dismissing claims against the Commonwealth because the "Eleventh Amendment bars . . . claims under § 1983 and state law against the Commonwealth of Virginia . . . .").[3]

Third, the Patrick County Jail is not a suable entity. *See id.* at *3 (collecting cases

---

[1] https://www.prcsb.org/about-us.

[2] https://dbhds.virginia.gov/facilities/svmhi/.

[3] Carter does request what appears to be a form of prospective injunctive relief because his complaint includes a reference to wanting "protective custody." (Dkt .No. 2 at 8.) Carter has not plausibly alleged such a claim for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908). "Under *Ex Parte Young*, private officials may sue state officials in their official capacities in federal court to obtain prospective relief from ongoing violations of federal law." *Allen v. Cooper*, 895 F.3d 337, 354 (4th Cir. 2018). Carter has not alleged any claims against any state officials.

2

holding that jails are not subject to suit under § 1983).

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim and for seeking monetary damages against entities immune from such relief.

Entered: February 19, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge